IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 8:11CR96 |
| v. | ) | |
| DALE M. WEINSTEIN, | ) | PRELIMINARY ORDER OF FORFEITURE |
| Defendant. | ) | |

This matter comes on before the Court upon the United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 63). The Court has reviewed the record in this case and finds as follows:

1. The defendant has entered into a Plea Agreement, whereby he has agreed to plead guilty to Count III and admit the Forfeiture Allegation of said Superseding Indictment. Count III charged the defendant with structuring transactions with a domestic financial institution, in violation of 31 U.S.C. § 5324. The Forfeiture Allegation sought the forfeiture, pursuant to 31 U.S.C. § 5317, of all property, real or personal, involved in the offense and any property traceable to such property. The Forfeiture Allegation also sought the forfeiture of substitute property pursuant to 21 U.S.C. §§ 853(p), as incorporated by 31 U.S.C. § 5317(c), and by 28 U.S.C. § 2461(c). The plaintiff and the defendant agreed to the defendant's payment of $46,500.00 in satisfaction of the Forfeiture Allegation. The defendant has paid said sum. It is currently in the custody of the United States Marshal.

2. By virtue of said plea of guilty, the defendant forfeits his interest in the subject currency, and the United States should be entitled to possession of said currency, pursuant to 21 U.S.C. § 853, as incorporated by 31 U.S.C. § 5317(c)(1)(B).

3. The United States' Motion for Issuance of Preliminary Order of Forfeiture should be sustained. Accordingly,

IT IS ORDERED:

A. The United States' Motion for Issuance of Preliminary Order of Forfeiture is hereby sustained.

B. Based upon the Forfeiture Allegation of the Indictment and the defendant's plea of guilty, the United States is hereby authorized to seize the $46,500.

C. The defendant's interest in the $46,500.00 is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 31 U.S.C. § 5317(c)(1)(B).

D. The aforementioned currency is to be held by the United States in its secure custody and control.

E. Pursuant to 21 U.S.C. § 853(n)(1), the United States forthwith shall publish for at least thirty consecutive days on an official internet government forfeiture site (www.forfeiture.gov) notice of this Order, Notice of Publication evidencing the United States' intent to dispose of the currency in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the subject currency must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F.  Said published notice shall state the Petition referred to in Paragraph E, above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the currency, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject currency and any additional facts supporting the Petitioner's claim and the relief sought.

G.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the currency subject to this Order as a substitute for published notice as to those persons so notified.

H.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

DATED this 30th day of July, 2012.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court